IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CV-3-BO

| | |
|---|---|
| SIGMA CAPITAL GROUP, INC. and, BLUE HARBOR ENERGY, L.L.C., <br> Plaintiffs, <br><br> v. <br><br> THERMAL VENTURES, INC., CARL AVERS as President and CEO of Thermal Ventures, Inc., CARL AVERS, individually, YOUNGSTOWN TRUST 2007, and PRISCILLA A. AVERS, as Trustee of Youngstown Trust 2007, <br> Defendant. | O R D E R |

This matter is before the Court on the Memorandum and Recommendation ("M & R") of United States Magistrate Judge James E. Gates [DE 105]. The Court ADOPTS the M & R and DENIES the plaintiffs' motions for sanctions [DE 80].

## BACKGROUND

This dispute arises out of a series of project financing agreements. In their complaint, plaintiffs assert claims for fraud, defamation and damage to reputation, and breach of contract. Since this matter was filed, the parties have had a series of discovery disputes. On November 22, 2011, the Court entered an amended consent protective order [DE 68]. That order provided for the protection of materials produced by third parties and included a form "Undertaking to be Bound," which would serve to certify that the signatory had agreed to be bound by the terms of the protective order. Additionally, on February 27, 2012, Magistrate Judge Gates issued an amended scheduling order that required, among other things, corporate defendants to retain counsel no later than March 23, 2012.

Plaintiffs, seeking sanctions, filed the instant motion on March 29, 2012. The Court held a hearing on this motion on July 18, 2012. Counsel for all defendants entered his appearance only two hours prior to this hearing. Plaintiffs alleged several instances of misconduct by the defendants as the basis for their motion. Such purported misconduct included defendants' failure to sign the Undertaking to be Bound regarding third-party discovery, defendants' failure to actively participate in the discovery process, corporate defendants' failure to obtain counsel by March 23, 2012, and defendants' failure to communicate with the mediator leading to a postponement of the March 28th mediation.

## DISCUSSION

The Court adopts the M & R because Plaintiff has made no objections to it and because the M & R is not clearly erroneous or contrary to law. 28 U.S.C. § 636 (b)(1)(B). A district court is only required to review an M & R *de novo* if the plaintiff specifically objects to it or in cases of plain error. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). The magistrate has not committed plain error in this instance. Therefore, the Court adopts the Magistrate Judge's recommendations and denies plaintiff's motion for sanctions.

## CONCLUSION

The Court ADOPTS the Magistrate Judge's recommendations [DE 105]. Therefore, plaintiffs' motion for sanctions is DENIED.

SO ORDERED. This 18 day of October, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE