IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CV-3-BO

SIGMA CAPITAL GROUP, INC. and )
BLUE HARBOR ENERGY, LLC, )
               Plaintiffs, )
                                     )
v.                                )    O R D E R
                                     )
THERMAL VENTURES, INC., CARL )
AVERS, as President and CEO of Thermal )
Ventures, Inc. CARL AVERS, individually, )
YOUNGSTOWN TRUST 2007, and )
PRISCILLA A. AVERS, as Trustee of )
Youngstown Trust 2007, )
               Defendants. )
_____)

This cause comes before the Court on defendants' motion to amend answer and motion for judgment on the pleadings. For the reasons discussed below, the motion to amend is granted and the motion for judgment on the pleadings is denied.

I. Motion to Amend

Defendants seek to amend their answer to allege five additional affirmative defenses. Plaintiffs oppose the amendment. Rule 15 of the Federal Rules of Civil Procedure provides that a court should freely give leave to amend a pleading when justice so requires. Fed. R. Civ. P. 15(a). Leave to amend should not be given when it would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile. *Equal Rights Center v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010).

The Court finds that justice requires that leave to amend should be given in this instance. Defendants' original counsel filed an answer denying the material allegations of the complaint

and reserving the right to assert other affirmative defenses as may become known or available during the course of this litigation [DE 31]. After a period without counsel, defendants' new counsel appeared and moved to amend their answer to include such affirmative defenses following his receipt of plaintiffs' answers to certain discovery requests. The Court finds no bad faith on the part of defendants in filing the instant motion, and, in light of the fact that defendants filed such motion before the expiration of time to amend as allowed by the scheduling order [DE 123] and because this case is not on the eve of trial, the Court finds no prejudice to plaintiff. Finally, the Court does not find that the affirmative defenses raised would be futile. Accordingly, defendants' motion to amend is granted.

II. Motion for Judgment on the Pleadings

Defendants have also moved for judgment on the pleadings pursuant to 12(c) of the Federal Rules of Civil Procedure. Defendants contend that plaintiffs' complaint fails to state a claim upon which relief may be granted, a defense that may be raised after the pleadings have closed by a motion for judgment on the pleadings. Fed. R. Civ. P. 12(h)(2). In considering such a motion, a court applies the same standard as it would when considering a motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Burbach v. Broad Co. v. Elkins Radio Corp.*, 278 F.3d 401, 406 (4th Cir. 2002). A Rule 12(b)(6) motion tests the legal sufficiency of the complaint, *Papasan v. Attain*, 478 U.S. 265, 283 (1986), and a complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Facial plausibility means that the facts plead "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v.*

2

*Iqbal*, 556 U.S. 662, 678 (2009). If the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible," the "complaint must be dismissed." *Twombly*, 550 U.S. at 570. Plaintiffs have alleged, *inter alia*, a fraud claim. Rule 9(b) of the Federal Rules of Civil Procedure provides that a party must plead with particularity the circumstances constituting the fraud or mistake if alleging such claims.

The Court has reviewed the complaint in light of the governing standards and holds that plaintiffs have raised facially plausible claims and have plead their fraud claim with the requisite particularity. Accordingly, defendants' motion for judgment on the pleadings is denied.

## CONCLUSION

For the reasons discussed above, defendants' motion to amend answer to complaint [DE 135] is GRANTED and defendants' motion for judgment on the pleadings [DE 137] is denied. The Court will consider the pending motions for summary judgment once they become ripe for ruling.

SO ORDERED, this 14 day of March, 2013.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3